﻿Citation Nr: AXXXXXXXX
Decision Date: 05/14/19 Archive Date: 05/13/19

DOCKET NO. 190208-2952
DATE: May 14, 2019

REMANDED

The issues of (1) entitlement to service connection for a bilateral knee condition, and (2) entitlement to service connection for vertigo are remanded for additional development.

REASONS FOR REMAND

The Veteran served on active duty from March 1963 to March 1965 and from November 2003 to September 2005, with additional service in the Army National Guard. He filed the claim currently on appeal in January 2015. In August 2015, the Agency of Original Jurisdiction (AOJ) denied the issues of service connection for a bilateral knee condition and vertigo.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with the Department of Veterans Affairs (VA)’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran selected the Higher-Level Review lane when he submitted his RAMP election form on April 3, 2018. Accordingly, in January 2019, the AOJ issued an AMA rating decision that considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the AOJ.

In adjudicating the claims of entitlement to service connection for a bilateral knee condition and vertigo, the Board may consider evidence associated with the record between the January 30, 2015 date of claim and the April 3, 2018 date the Veteran opted into RAMP. 

The Veteran contends that he has a current bilateral knee condition caused by either regular physical training in service or as secondary to his service-connected back condition. Similarly, the Veteran contends that he currently has vertigo that was caused or aggravated by his service-connected tinnitus.

After reviewing the evidence of record, the Board finds that the issues of entitlement to service connection for a bilateral knee condition and vertigo must be remanded to correct duty to assist errors that occurred prior to receipt of the Veteran’s RAMP election form. Firstly, in a March 2017 deferred rating, a VA decision review officer (DRO) indicated that additional development was necessary in the Veteran’s case to ascertain whether it was possible to obtain the Veteran’s service treatment records (STRs) for all periods of service. In particular, the DRO focused upon confirming the availability of STRs associated with the periods of active duty service from March 1963 to March 1965, Army National Guard service from July 1988 to July 2006, and active duty service from November 2003 and September 2005. Follow-up deferred ratings from September 2017 and February 2018 indicated that this additional development had not occurred. As such, the Board finds that the AOJ committed a duty to assist error by issuing a decision prior to confirming the availability of a complete set of the Veteran’s STRs.

Secondly, in a December 2015 statement received in January 2016, the Veteran’s spouse indicated that the Veteran injured his knees during training around the time when he initially joined the Army National Guard in July 1988. Relatedly, as recorded in a January 2010 treatment record from Dr. Rees at Central Coast Healthcare, the Veteran sought treatment for a military injury of the knees. The Board finds that the AOJ did not verify all the periods of the Veteran’s active duty for training (ACDUTRA) and inactive duty for training (INACDUTRA).

Lastly, the Board finds that the AOJ erred in not providing the Veteran VA examinations and medical opinions regarding his knees and vertigo. On remand, VA medical opinions must address: (1) whether the Veteran’s current bilateral knee condition was caused or aggravated by his service-connected back condition, and (2) whether the Veteran’s vertigo was caused or aggravated by his service-connected tinnitus.

The matters are REMANDED for the following action:

1. Contact all appropriate repositories of records and attempt to obtain copies of STRs from all periods of the Veteran’s service. Specifically, the AOJ should attempt to obtain STRs:

(a.) for the Veteran’s period of active duty service from March 1963 to March 1965; 

(b.) for the Veteran’s period of National Guard service from July 1988 to July 2006;

(c.) for the Veteran’s period of active duty service from November 2003 to September 2005.

If any records are unavailable, the AOJ should prepare a memorandum of unavailability and notify the Veteran and his representative.

2. Verify all active duty for training and inactive duty training dates for service in the Army National Guard from July 1988 to July 2006. If necessary, a request should be made to the Defense Finance and Accounting Service (DFAS). Document all requests for information as well as all responses in the claims file.

3. After Items (1) and (2) have been completed to the extent possible, schedule the Veteran for a VA examination with an appropriate clinician to determine the nature and etiology of the Veteran’s bilateral knee condition. The Veteran’s claims file should be made available to and be reviewed by the examiner in conjunction with the examination. All indicated tests and studies should be performed and the results reported in detail. The examiner should then address the following:

(a.) Please state whether it is at least as likely as not (50 percent probability or more) that any bilateral knee condition was caused by, incurred in, or is otherwise related to service.

(b.) Please state whether it is at least as likely as not (50 percent probability or more) that any bilateral knee condition is proximately due to the Veteran’s service-connected back condition. 

(c.) Please state whether it is at least as likely as not (50 percent probability or more) that any bilateral knee condition was aggravated (worsened beyond natural progression) by his service-connected back condition. 

The examiner should consider medical and lay evidence dated both prior to and since the filing of the claim (January 2015).

The examiner must provide a complete rationale for any opinion rendered. If the examiner cannot provide an opinion without resorting to speculation, he or she should explain why an opinion cannot be provided (e.g., lack of sufficient information/evidence, the limits of medical knowledge, etc.).

4. After the above has been completed to the extent possible, schedule the Veteran for a VA examination with an appropriate clinician to determine the nature and etiology of the Veteran’s vertigo. The Veteran’s claims file should be made available to and be reviewed by the examiner in conjunction with the examination. All indicated tests and studies should be performed and the results reported in detail. The examiner should then address the following:

(a.) Please state whether it is at least as likely as not (50 percent probability or more) that the Veteran’s vertigo is proximately due to the Veteran’s service-connected tinnitus. 

(b.) Please state whether it is at least as likely as not (50 percent probability or more) that the Veteran’s vertigo was aggravated (worsened beyond natural progression) by his service-connected tinnitus. 

The examiner should consider medical and lay evidence dated both prior to and since the filing of the claim (January 2015).

The examiner must provide a complete rationale for any opinion rendered. If the examiner cannot provide an opinion without resorting to speculation, he or she should explain why an opinion cannot be provided (e.g., lack of sufficient information/evidence, the limits of medical knowledge, etc.).

 

S. C. KREMBS

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD N.S. Pettine, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.